# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  August 26, 2019

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
MAUREEN COOK,                           *        UNPUBLISHED
                                        *
              Petitioner,               *        No. 18-255V
                                        *        Special Master Gowen
v.                                      *
                                        *        Attorneys' Fees and Costs
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
              Respondent.               *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

Nancy R. Meyers, Ward Black Law, Greensboro, NC, for Petitioner.
Heather L. Pearlman, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 22, 2019, Maureen Cook ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 33). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$16,817.53.**

### I.    Procedural History

On February 20, 2018, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that an influenza vaccination she received on October 20, 2016 caused her to suffer Guillain-Barré syndrome ("GBS"). On April 16, 2016, the parties filed a joint stipulation of dismissal, and on April 17, 2019, I issued an Order concluding

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

proceedings pursuant to Vaccine Rule 21(a). ECF No. 31.

On May 22, 2019, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Ms. Nancy Meyers, in the total amount of $16,817.53, representing $15,456.30 in attorneys' fees and $1,361.23 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner states that she has not related to the prosecution of her petition. Fees App. Ex. 1. Respondent reacted to the fees motion on May 31, 2019, stating that "Respondent respectfully recommends that the Special Master exercise his discretion and determine whether to award, and/or a reasonable award for, attorneys' fees and costs." Response at 3 (ECF No. 34). Petitioner filed a reply on May 31, 2019, concurring with Respondent that I exercise my discretion and determine a reasonable award for attorneys' fees and costs. ECF No. 35.

The matter is now ripe for adjudication.

## II.   **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa−15(e)(1). In this case, I find no cause to doubt the good faith or reasonable basis of bringing this claim and respondent has not objected to the good faith or reasonable basis of the claim either. Accordingly, I find that petitioner is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.   **Attorneys' Fees**

Petitioner requests the following rates of compensation for her attorney, Ms. Nancy Meyers: $350.00 per hour for work performed in 2017, $375.00 per hour for work performed in 2018, and $390.00 per hour for work performed in 2019. Fees App. Ex. 2 at 2. Petitioner also requests that all paralegal work be compensated at $145.00 per hour for all work performed. *Id.* These rates are consistent with what Ms. Meyers has previously been awarded for her Vaccine Program work. Therefore, no adjustment is necessary.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$15,456.30**.

### b.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $1,361.23. Fees App. Ex. 2 at 2. This amount is comprised of acquiring medical records, postage, and the Court's filing fee. Petitioner has provided adequate documentation supporting all of her requested costs, and all appear reasonable in my experience. Petitioner is therefore entitled to the full amount of costs sought.

### III.    Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $15,456.30 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$15,456.30** |
| | |
| Attorneys' Costs Requested | $1,361.23 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,361.23** |
| | |
| **Total Attorneys' Fees and Costs** | **$16,817.53** |

**Accordingly, I award a lump sum in the amount of $16,817.53, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Ms. Nancy Meyers.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**


**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).